Alfred P. Vigorito
John W. Barker
Gary W. Patterson, Jr.*
Jeffrey R. Nichols*
Mamie Stathatos-Fulgieri
Scott A. Singer
Gregg D. Weinstock*** ■
Kiki Chrisomallides*
Kevin D. Porter
Susan Vari

Margaret Antonino* ■
Edward J. Arevalo
Graig R. Avino*
Michael J. Battiste
Robert Boccio
Bruce Brady *
Dylan Braverman
Thomas Brennan ■
Dawn Bristol
Kenneth J. Burford
Gilbert H. Choi
Joshua R. Cohen
Adam S. Covitt

Charles K. Faillace ±
Danielle M. Hansen
Anna Hock
Thomas Jaffa
Gemma Kenney ***
Ruth Bogatyrow Kraft
Douglas Langholz
Jason Lavery *
Megan A. Lawless‡
Guy A. Lawrence
Timothy P. Lewis –
Jennifer M. Lobaito
Neil Mascolo, Jr.
Adonaid Medina*
Ralph Vincent Morales
Vincent Nagler **
Carolyn Rankin
Miles S. Reiner
Bhalinder L. Rikhye
Tammy A. Trees
Nicole M. Varisco
Julia F. Wilcox ::
Arthur I. Yankowitz**



Danielle Bennett ∆
Theresa A. Bohm
Angela R. Bonica *
Michael P. Diven * ** ::
Tyler M. Fiorillo
Lauren P. Ingvoldstad†
Nicole E. Martone
John O'Brien
Daniel O'Connell * ■
Emily Phillips
Alesha Powell
Andres J. Sanchez
Kathleen M. Thompson
Paul Toscano
Claudine Travers
Alexandra Zerrillo* ** ::

*Of Counsel*
Patricia M. Comblo :: ±
Josie M. Conelley
Brian DiPentima*
Tricia Cristo
Roseann V. Driscoll
William Gagas ±
Mary M. Holupka
Rani B. Kulkarni
Joseph P. Muscarella
Seema Palmerson
Nicole C. Salerno *
Valerie L. Siragusa
Diana V. Solla
Paul Varriale
Karolina Wiaderna

\* Also Admitted to Practice in NJ
\*\* Also Admitted to Practice in CT
\*\*\* Also Admitted to Practice in NJ, CT, DC
-- Admitted to Practice in Florida
■ Also Admitted to Practice in FL
‡ Also Admitted to Practice in NJ and PA
± Also Admitted to Practice in MA
∆ Also Admitted to Practice in Ohio
:: Admitted to Practice in CO
† Admission Pending

August 10, 2022

**VIA ECF**

Hon. Ann Donnelly
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Thompson v. Ditmas Park Rehabilitation & Care Center, LLC d/b/a Ditmas Park Care Center, et al.*
            Case No. 1:22-cv-04555

Dear Judge Donnelly:

    The undersigned represents defendant DITMAS PARK REHABILITATION & CARE CENTER, LLC d/b/a DITMAS PARK CARE CENTER ("Defendant") in the above-referenced action. This letter motion is submitted pursuant to Your Honor's Individual Practices Rules 2(F) and 4(A).

    Please allow the following to serve as a request for an extension of time to answer or otherwise respond to the Complaint until the issues summarized below are resolved. We also request that this matter be stayed until such time that the United States Court of Appeals for the Second Circuit resolves the appeals in *Leroy v. Hume*, Nos. 21-2158, 21-2159 (cons.) and *Rivera-Zayas v. Our Lady of Consolation Geriatric Care Center*, 21-2164. Oral argument will likely be held the week of October 31, 2022. Alternatively, if this matter is not stayed, we request a pre-motion conference to establish a briefing schedule for defendant's motion to dismiss based the COVID-19 immunities afforded by the Public Readiness and Emergency Preparedness Act ("PREP Act") and New York's Emergency or Disaster Treatment Protection Act ("EDTPA"). 42 U.S.C. § 247d-6d and 42 U.S.C. § 247d-6e; N.Y. Pub. Health Law § 3082.

    Defendant removed this action because plaintiff's Complaint alleges injury stemming from administration of COVID-19 countermeasures to prevent, diagnose and/or treat COVID-19 within the meaning of the PREP Act. Defendant asserts federal subject matter jurisdiction on the grounds that these claims: (1) "aris[e] under" federal law within the meaning of 28 U.S.C. § 1331 because they are completely preempted by the PREP Act; (2) "aris[e] under" federal law within the meaning of 28 U.S.C. § 1331

because, under *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing.*, 545 U.S. 308 (2005), these claims necessarily involve substantial and disputed questions of federal law; and (3) form the basis for federal jurisdiction because defendants subject to such claims are persons acting under federal officers within the meaning of 28 U.S.C. § 1442(a)(l).

We anticipate that plaintiff's counsel will seek to remand this case. As this Court may be aware, these issues of subject matter jurisdiction are currently before the United States Court of Appeals for the Second Circuit in *Leroy v. Hume*, Nos. 21-2158, 21-2159 (cons.) and *Rivera-Zayas v. Our Lady of Consolation Geriatric Care Center*, 21-2164, with briefing complete and oral argument expected the last week of October 2022. As such, Defendant respectfully asks this Court to hold this matter in abeyance until after the Second Circuit renders a decision in *Rivera-Zayas* and *Leroy* on these novel, first-impression issues of federal jurisdiction.

A number of courts, including this Court, the Second Circuit, and the Eastern District of New York, have held briefing of these issues in abeyance pending the resolution of these appeals. *See Alston v. Harlem Center for Nursing and Rehabilitation, LLC,* Case No. 1:22-cv-06293-LAK-OTW (S.D.N.Y. August 10, 2022) (staying case pending Second Circuit's resolution of jurisdictional questions at issue)*; Walker v. Richmond University Medical Center*, Case Nos. 22-206, 22-269 (con.) (2d Cir.) (holding briefing of appeal of remand order in abeyance pending determinations of identical first-impression legal issues in *Leroy* and *Rivera-Zayas*); *Kump v. Chapin Home For The Aging*, Case No. 1:22-cv-03189-DG-MMH (E.D.N.Y. July 19, 2022) (holding motion practice in abeyance pending Second Circuit's resolution of *Rivera-Zayas* and *Leroy* which are "likely to be instructive in this action"); *Weppler v. Highfield Gardens Care Center of Great Neck,* Case No. 2:22-cv-02905-AMD-CLP (E.D.N.Y. June 3, 2022) (same); *Jenkins v. Dewitt Rehabilitation and Nursing Center, Inc. et al.*, 1:22-cv-05985-PAE (S.D.N.Y. July 15, 2022) (staying case pending Second Circuit's resolution of jurisdictional question at issue); *Mitchell, et al. v. Parkview Operating Co. LLC, et al.,* Case No.: 7:22-cv-02357-NSR (S.D.N.Y., April 25, 2022); *Wegenaar v. Our Lady of Consolation Geriatric Care Center, et al.,* Case No.: 2:22-cv-02334-JS-ST (E.D.N.Y., May 24, 2022). *See* Orders attached hereto as Exhibit A. We therefore request that this Court reach the same conclusion and stay this action.

If the Court declines to stay this matter, defendant intends to move for dismissal under Fed. R. Civ. P. §§ 12(b)(1) and 12(b)(6) because it is entitled to immunity under the PREP Act and EDTPA. With respect to the PREP Act, it provides defendant immunity from suit because plaintiff's claims arise out of and relate to the administration of covered countermeasures, as defined by the PREP Act, for prevention, diagnosis and treatment of COVID-19. As such, it is respectfully submitted that the immunity provisions of the PREP Act bar suit for the claimed injuries, requiring dismissal of the Complaint.

Plaintiff's claims are also barred by the EDTPA, which mandates dismissal of any claim involving care that was impacted by acts or decisions by healthcare providers and facilities in response to the COVID-19 pandemic. Plaintiff alleges injury resulting from the provision of health care services pursuant to a COVID-19 emergency rule, and the patient's care and treatment were impacted by Defendant's decisions and activities in response to the COVID-19 outbreak. The entire premise of the Complaint is a critique of Defendant's activities and decisions in response to or as a result of the COVID-19 outbreak, thereby triggering the immunity conferred by the EDTPA and requiring dismissal.

We thank the Court for its consideration of these requests. This is our first request for this relief. Our request is not on consent of our adversary.

Sincerely,

*Nicole M. Varisco*

Nicole M. Varisco (NZ 2525)
(n.varisco@vbpnplaw.com)

Enclosure: Exhibit A—Stay Orders

TO: (via CM/ECF and e-mail)
NAPOLI SHKOLNIK, PLLC
Joseph Ciaccio
*Attorneys for Plaintiff*
400 Broadhollow Road, Suite 305
Melville, New York 11747
JCiaccio@NapoliLaw.com